JAMES W. SHELDON v. THOMAS HOLMES, CAROLINE S. HOLMES, ABIRAM HOLMES, AND STEPHEN F. SNYDER.

[See 58 Mich. 133.]

*Inadvertent discharge of mortgage—Good-faith purchaser.*

This case involves the construction of the decree made in *Sheldon v. Holmes,* reported in 58 Mich. 138, and an examination of the facts there stated, to which, as also to the opinion herein, reference is had.

Appeal from Calhoun.  (Hooker, J.)  Argued November 10, 1886.  Decided November 17, 1886.

Bill to vacate a discharge of a mortgage and for foreclosure of mortgage.  Defendants appeal.  Affirmed.  The facts are stated in the opinion, and in same case reported in 58 Mich. 138.

*A. M. Culver,* for complainant.

*Norris & Uhl,* for defendants.

MORSE, J.  This cause came to this Court upon the appeal of Abiram Holmes, and was reversed as to him.  The opinion is reported in 58 Mich. 138.

Upon the issue now here, we do not consider it necessary to enter into any statement or discussion of the facts of the case.  The decree of this Court was entered September 29,

1885, by which the complainant was allowed to foreclose his mortgage upon the premises involved in the suit, as a prior lien and incumbrance to Abiram Holmes' deed of purchase from Thomas Holmes, his father, to the extent of the unpaid purchase price, which, by the terms of the purchase from Thomas by Abiram, remained unpaid at the time of the commencement of this suit. The records and proceedings were then remitted to the circuit court for the county of Calhoun, in chancery, where it was commenced, to the end that the decree of this Court might be carried into execution, allowing a sale after six months, and entering a decree in said court in accordance with the decree of this Court.

Upon the return of the record to the court below, and upon the sixteenth day of January, 1886, the solicitor for complainant served notice of hearing upon pleadings and proofs, and an examination of witnesses in open court, for the eleventh of March, 1886.

Upon such hearing, the counsel for defendants appeared, and moved the court that the cause be referred to a circuit court commissioner to take proofs, and ascertain and report the amount due complainant for all moneys loaned and advanced by him to or for defendant Thomas Holmes, with the interest, after deducting all payments made by said defendant. Said counsel insisted that the amount so due did not equal the amount remaining unpaid upon the purchase price of the premises, and owing from the said Abiram to the said Thomas, at the time said Abiram was informed of the complainant's equities in the premises. This motion was overruled by the court, and defendants' counsel excepted.

Said counsel then moved for a like reference to take proofs, and ascertain and report the amount unpaid upon the mortgage given by the defendant Abiram to the defendant Thomas Holmes upon the purchase of the premises, at the time said Abiram was informed of the equities of the complainant. This motion was overruled, and exception taken.

68 MICH.—45.

Thereupon counsel for said defendants offered evidence before the court to show that before the chancery subpœna was served in this cause, and before said Abiram had notice of complainant's asserted equities, he had leased the premises to his brother, Paterson Holmes, for two years, and concluded a contract with his said father, Thomas, binding upon both, by which the proceeds of the said premises were agreed to be turned over to said Thomas in payment of the interest upon the mortgage from Abiram to Thomas for two years, and that such proceeds were so turned over to Thomas in payment of such interest, and Thomas thereby paid such interest. This offered evidence was excluded by the court, and defendants' counsel excepted.

Defendants' counsel then further offered to show by evidence that the amount actually due the said complainant from the said defendant Thomas Holmes, at the time the bill of complaint was filed in this cause, did not equal the amount unpaid, and thereafter to become due, upon the mortgage executed by the said Abiram to the said Thomas Holmes upon the purchase of the said premises, which evidence so offered was excluded by the court, and defendants' counsel excepted.

No further proceedings were had in the cause until June 7, 1886, when the court entered a final decree in favor of complainant. Such decree finds—

"That from the pleadings and proofs it appears that said suit was duly commenced on the fifteenth day of March, 1879, and, at the commencement thereof, the said Abiram Holmes was indebted to the defendant Thomas Holmes in the sum of $4,500, for the purchase price of said premises, described in the deed of purchase made by said defendant Thomas and wife to the said Abiram, which sum was then remaining unpaid; and that the legal interest thereon from that date amounts to the sum of $2,276.75; taken together, is the sum of $6,776.75."

Sale of the premises was therefore ordered for that amount,

in default of the payment of the same, on or before the seventh day of December, 1886.

The defendants' counsel bring the case here again, and complain of the rulings of the court below upon the motions to refer, and the exclusion of the offered evidence as hereinbefore set forth, and insist that the decree is inequitable, and not in harmony with the previous opinion of this Court.

We think, however, that the court below entertained the correct view of the meaning and intent of the decree of this Court. We found that the money paid by Abiram to his father upon the purchase of the premises, before the commencement of this suit, was paid before he had notice of complainant's equities, and could not be reached by complainant.

But the testimony of Thomas and Abiram, both taken in the cause before it was first appealed here, showed conclusively that upon the mortgage given back upon the premises, at the time of the purchase, by Abiram to his father, there was owing and remaining unpaid the sum of $4,500.

It was not intended that there should be a new or different accounting in the court below between Thomas and the complainant. Thomas did not appeal to this Court, and, as against him, the amount owing to the complainant remained as fixed by the first decree in that court. Therefore the offer to show that Thomas did not owe complainant, at the commencement of this suit, the amount of the mortgage from Abiram to Thomas, was rightfully excluded.

In regard to the proffered testimony of the lease from Abiram to his brother, and the agreement as to the payment of the interest upon said mortgage by the proceeds of the rental under such lease, it was properly rejected.

The proofs in the case show that the deed from Thomas to Abiram, and the mortgage from Abiram to Thomas, were executed and delivered March 14, 1879.

The subpœna in this suit, which served as notice of com-

plainant's equities, was served upon Abiram about 7 o'clock A. M. on the fifteenth day of March, 1879. The lease to Paterson Holmes could not have been made until Abiram had a deed of the premises, and the agreement under it was to pay future proceeds to Thomas. Nothing had been paid, or could have been paid, under it to Thomas before the service of such subpœna, and, consequently, the arrangement to pay interest upon said mortgage under the lease could not affect the terms of our decree, or the rights of the parties under such decree.

The decree of this Court was carefully settled by us, upon suggestions and arguments of the counsel for the respective parties before us on that appeal, and in accordance with the opinion filed upon the pleadings and proofs therein.

By the terms of the purchase from Thomas by Abiram, the amount of the unpaid purchase price at the date of the commencement of this suit was the $4,500 in the mortgage from Abiram to Thomas, and it will be noticed that in our decree we ordered that complainant be allowed to foreclose his mortgage—

"To the extent of the unpaid purchase price therefor which, *by the terms of such purchase,* remained unpaid at the time of the commencement of this suit, together with legal interest thereon from that date."

The decree of the court below will therefore be affirmed, with costs.

The other Justices concurred.